### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID JEDD,

                Petitioner,             Case Number: 2:15-CV-12987
                                           HONORABLE GERALD E. ROSEN

v.

DUNCAN MACLAREN,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on Petitioner David Jedd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for felonious assault, possession of a firearm during the commission of a felony, and two counts of assaulting, resisting, or obstructing a police offer on the ground that he was denied the effective assistance of counsel. At the time he filed the petition, Petitioner was in the custody of the Michigan Department of Corrections.[1] Respondent, through the Attorney General's Office, has filed an answer in opposition arguing that a portion of the claim is unexhausted and that the entire claim lacks merit. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "erects a formidable barrier" to federal

---

[1] Petitioner has since been discharged from custody. His discharge does not defeat § 2254's "in custody" requirement because the requirement is satisfied as long as a petitioner was incarcerated at the time a petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

habeas corpus relief. *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 16 (2013). Petitioner is

unable to overcome this formidable barrier. Habeas relief is denied.

## I.    Background

Petitioner's convictions arise from an altercation that occurred in the village of

Holly on January 14, 2012. The Michigan Court of Appeals described the circumstances

leading to Petitioner's convictions as follows:

> Don Polick was driving home when his car slid off an icy road and into a
> ditch. Polick decided to walk to his home to obtain assistance from his
> uncle. Polick and his uncle returned in an attempt to tow Polick's car.
> Polick's uncle proceeded to drive away from the car in an attempt to obtain
> a better angle to tow the car, during which time a pickup truck arrived.
> Defendant was driving the pickup truck with his wife as a passenger.
> Defendant exited the vehicle and offered to help, but, according to Polick,
> did so in a rude and expletive-filled manner. Polick, wanting to avoid an
> altercation, declined. Defendant took offense and indicated his intent to
> fight Polick. Polick informed defendant that he was prepared to defend
> himself and that he was an amateur cage fighter. Defendant responded by
> returning to his truck and grabbing a gun, which he, using a laser scope,
> pointed directly at Polick's forehead. Defendant then lowered the gun,
> returned to his vehicle, and left. Polick, having noted defendant's license
> plate number, called the police. When two police officers arrived at
> defendant's residence, defendant attempted to draw his gun and was tackled
> to the ground.
>
> At trial, defendant claimed that his actions in relation to Polick were acts of
> self-defense. Defendant testified that Polick was a large cage fighter,
> initiated the aggressive and violent behavior, threatened to kill defendant,
> approached him in a cage fighter's stance, and was set to attack before
> defendant retrieved his gun. The trial court instructed the jury on
> self-defense, but, as previously indicated, the jury convicted defendant.

*People v. Jedd*, No. 311867, 2013 WL 6670844, *1 (Mich. Ct. App. Dec. 17, 2013).

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted

and sentenced as follows: 1 to 4 years' imprisonment for the felonious assault conviction, 2 years' imprisonment for the felony-firearm conviction, and 1 to 2 years' imprisonment for each resisting and obstructing a police officer conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising a claim that his trial counsel was ineffective. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied leave to appeal. *People v. Jedd*, 495 Mich. 1007 (Mich. May 24, 2014).

Petitioner, through counsel, then filed the pending habeas corpus petition. He raises this claim:

> Petitioner was denied the effective assistance of counsel guaranteed by the federal and state constitutions where trial counsel failed to request a self-defense jury instruction that conformed to the Self Defense Act of 2006 (Mich. Comp. Laws § 780.971, *et seq.*), failed to educate the jury regarding the Self Defense Act and failed to educate the jury regarding "cage fighting" to substantiate Petitioner's honest and reasonable belief of imminent unlawful use of force by another individual.

## II.   Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562

4

U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103, 131 S. Ct. at 786–87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut

this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.    Discussion

Petitioner raises a single claim for relief, that he was denied his constitutional right to the effective assistance of counsel.  Specifically, he argues that counsel was ineffective in failing to: (i) request a self-defense instruction; (ii) object to a jury instruction that did not conform with the Self-Defense Act of 2006; (iii) educate the jury that Petitioner did not have a duty to retreat; and (iv) educate jurors regarding "cage fighting."  Respondent argues that Petitioner failed to exhaust his state court remedies for his claims that counsel was ineffective in failing to educate the jury on the duty to retreat and cage fighting.  The Court nevertheless addresses the merits of these claims because the Court may decide an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent

6

assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

First, Petitioner argues that his trial attorney was ineffective in failing to request a self-defense instruction. The Michigan Court of Appeals held that "the trial court instructed the jury on self-defense at defense counsel's request." *Jedd*, 2013 WL 6670844 at *3. Petitioner disputes this finding, arguing that the instruction was requested by the prosecutor, not by defense counsel, at the conclusion of the jury instructions and after defense counsel expressed satisfaction with the instructions as given. Petitioner

7

bears the burden of rebutting this factual finding "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The trial court transcript supports the Court of Appeals' finding as the trial court judge stated that during a bench conference, requested by the prosecutor, defense counsel asked for the self-defense instruction. 2/29/16 Tr., ECF No. 6-4, Pg. ID 644-45. Although there may be some ambiguity in the record on this point, this ambiguity does not undermine the state court's factual finding. Thus, Petitioner has not presented clear and convincing evidence to rebut the presumption of correctness afforded the state-court's factual determination that defense counsel requested the instruction.

Moreover, even if the instruction was requested by the prosecution rather than the defense, Petitioner fails to show resulting prejudice. The Court need not address *Strickland's* first prong because the claim can be more easily resolved by addressing *Strickland's* prejudice prong. *See Strickland*, 466 U.S. at 697 (finding "there is no reason for a court deciding an ineffective assistance of counsel claim ...to address both components of the inquiry if the defendant makes an insufficient showing on one"). The jury was instructed on self-defense. Even if the request was made by the prosecutor rather than defense counsel, the end result was the same – the jury was provided the self-defense instruction. Petitioner does not allege any way in which he suffered prejudice related to this instruction. Therefore, he has failed to show that he suffered ineffective assistance of counsel.

Second, Petitioner argues that defense counsel was ineffective in failing to object

8

to the self-defense instruction.  He argues that it conflicted with Michigan's Self-Defense

Act, Mich. Comp. Laws § 780.971 *et seq.,* because the instruction did not address

Petitioner's right to stand his ground.  The Self-Defense Act "codified the circumstances

in which a person may use ... self-defense...."  *People v. Guajardo*, 300 Mich.App 26, 35;

832 NW2d 409 (2013) (citation and quotation marks omitted). Mich. Comp. Laws §

780.972(2) applies to the use of non-deadly force:

> An individual who has not or is not engaged in the commission of a crime
> at the time he or she uses force other than deadly force may use force other
> than deadly force against another individual anywhere he or she has the
> legal right to be with no duty to retreat if he or she honestly and reasonably
> believes that the use of that force is necessary to defend himself or herself
> or another individual from the imminent unlawful use of force by another
> individual.

Mich. Comp. Laws § 780.972(2).  A person who acts as the initial aggressor does not act

in justifiable self-defense.  *People v. Dupree*, 486 Mich. 693, 707; 788 NW2d 399 (2010).

The instructions given did not create a duty to retreat or in any other way conflict with the

Michigan Self-Defense Act.  Counsel was not ineffective in failing to object on this basis.

Next, Petitioner argues that counsel was ineffective in failing to educate the jury

on his right to protect himself without a duty to retreat.  The Michigan Court of Appeals

held that defense counsel adequately presented self-defense to the jury through his cross-

examination of Polick and direct examination of Petitioner.  *Jedd*, 2013 WL 6670844 at

*3.  Defense counsel cross-examined Polick about his size, his proclivity for fighting and

his threatening behavior toward Petitioner and his wife.  He elicited testimony from

Petitioner that "Polick was the initial aggressor, threatened to kill defendant, began removing his jacket as if ... preparing for a fight, approached defendant in a cage fighter's stance, that defendant feared for his life, and that defendant retrieved his gun only to stop Polick from advancing." *Id.*  Defense counsel also extensively attacked Polick's credibility during closing argument.  Considering counsel's performance as a whole, the Michigan Court of Appeals' decision that counsel effectively and completely placed the issue of self-defense before the jury was not contrary to or an unreasonable application of Supreme Court precedent.

Finally, Petitioner argues that counsel was ineffective in failing to educate jurors about cage fighting.  The Michigan Court of Appeals denied this claim finding that defense counsel adequately explored this subject.  The state court reviewed the testimony adduced at trial regarding cage fighting.  Polick testified as to his involvement with cage fighting on direct examination and, on cross-examination, denied fighting outside the cage.  Defense counsel also elicited testimony from Petitioner that Petitioner had seen cage fighting, considered it a violent sport, and felt that Polick was approaching him in a manner consistent with a cage fighter's aggressive stance.  *Id.*  The Michigan Court of Appeals' decision that this testimony sufficiently conveyed the nature of cage fighting to the jury is reasonably supported in the record.  Even assuming that the trial court would have allowed further testimony on cage fighting, defense counsel's conclusion that the testimony provided was adequate and that continued cross-examination of Polick on this

10

subject would only have elicited self-serving statements is not outside the wide range of professionally competent assistance. Petitioner also has not shown that he was prejudiced by counsel's decision not to offer more testimony on this subject. Habeas relief is denied.

## IV.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**V.  Conclusion**

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**


s/Gerald E. Rosen
United States District Judge

Dated:  December 6, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 6, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135